UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

WILMA S.,[1]

      Plaintiff,

  v.                                                                       21-CV-06383-LJV
                                                               DECISION & ORDER

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

───────────────────────────────

      In 2020, the plaintiff, Wilma S. ("Wilma"), brought an action under the Social Security Act ("the Act") seeking review of the determination by the Commissioner of Social Security ("the Commissioner") that she was not disabled.  Docket Item 1.  Wilma moved for judgment on the pleadings, Docket Item 8, and on January 14, 2022, this Court issued a decision and order granting Wilma's motion in part and remanding her case to the Commissioner, Docket Item 14.  On January 18, 2022, this Court entered judgment in favor of Wilma.  Docket Item 15.  On April 8, 2022, Wilma's attorney filed a suggestion of death, Docket Item 16, and on August 16, 2023, the Commissioner filed a motion for relief from judgment, Docket Item 17.  Wilma's attorney did not file a response.  For the reasons that follow, this Court grants the Commissioner's motion.

───────────

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

## **LEGAL PRINCIPLES**

The Commissioner seeks relief under Federal Rule of Civil Procedure 60(b)(4) or, in the alternative, Rule 60(b)(6).  *See* Docket Item 17 at 3-4.  Rule 60(b)(4) allows a court to grant a party relief where the judgment is void.  Fed. R. Civ. P. 60(b)(4).  A judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."  *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 193 (2d Cir. 2006) (internal quotation marks and citation omitted).  Rule 60(b)(6), on the other hand, allows a court to grant relief for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  It provides a "grand reservoir of equitable power to do justice in a particular case."  *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks and citation omitted).

## **DISCUSSION**

The Act provides that if "the Commissioner of Social Security finds that more or less than the correct amount of [Supplemental Security Income ("SSI")] benefits has been paid with respect to any individual," an appropriate amount "shall . . . be made by appropriate adjustments in future payments to such individual . . . or by payment to such individual or his [or her] eligible spouse."  42 U.S.C. § 1383(b)(1)(A).  If the individual entitled to SSI benefits is deceased, payment will be made "to any surviving spouse of such individual" who resided with the individual "at the time of his [or her] death or within the 6 months immediately preceding the month of such death," or to the parents of the individual if the individual "was a disabled or blind child who was living with his [or her]

parent or parents at the time of death or within the 6 months immediately preceding the month of such death." *Id.*  The Code of Federal Regulations, however, states that "[n]o benefits may be paid to the estate of an unpaid recipient, the estate of a surviving spouse, the estate of a parent, or to any survivor other than those listed in paragraph (b)(1) through (3) of this section." 20 C.F.R. § 416.542(b)(4).  As such, "when a deceased claimant was an adult and had no surviving spouse, his [or her] claim for SSI benefits extinguishe[s] upon his [or her] death." *McConnell v. Colvin*, 2014 WL 5660377, at *3 (N.D.N.Y. Sept. 5, 2014) (internal quotation marks and citation omitted) (also collecting cases).

Wilma passed away on October 2, 2021, *see* Docket Item 17-1 at 2, 16, well before this Court issued judgment in her favor in January 2022 and before her attorney filed a suggestion of death in April 2022.  At the time of her death, Wilma was a widow and left no surviving spouse.  *See id.* at 16.  Since Wilma has no surviving spouse, there is no one available to recover any underpaid SSI benefits awarded on remand.  As such, the judgment of this Court is void.  *Cf. McConnell*, 2014 WL 5660377, at *3 ("Since no one could actually make a recovery under the circumstances, the Court cannot render any opinion that has any effect on the question of Plaintiff's entitlement to SSI benefits and any judgment would have no effect.  The judgment was therefore void.").

Even if this Court's judgment were not void, the Commissioner still would be entitled relief.

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement

noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  No successor in interest made a motion for substitution within 90 days of the filing of Wilma's suggestion of death on April 8, 2022, so the judgment in favor of Wilma is vacated under Rule 25 as well.

## **CONCLUSION**

For the reasons stated above, the Commissioner's motion for relief from judgment, Docket Item 17, is GRANTED.  This Court's prior decision and order, Docket Item 14, and the judgment in favor of Wilma, Docket Item 15, are VACATED.

SO ORDERED.

Dated: September 5, 2023
       Buffalo, New York


    */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE